[No. 9,419. Department Two.—July 31, 1884.]

ALBERT M. JOHNSON, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF SACRAMENTO COUNTY, APPELLANT.

MANDAMUS—JUDGMENT—SUPERVISORS—INCURRING LIABILITIES BEYOND THE REVENUE.—In a proceeding by mandamus to compel the supervisors of a county to "allow and pay" a judgment recovered against the county, a defense that the payment of the judgment will incur an indebtedness and liability exceeding the income for the year, cannot be interposed.

ID.—The judgment of the court in such a proceeding should order the board to *allow* the judgment, but not direct its *payment.*

APPEAL from a judgment of the Superior Court of Sacramento County

The facts are stated in the opinion of the court.

*A. P. Catlin*, for Appellant.

*A. M. Johnson*, for Respondent.

The COURT.—This was a proceeding by mandamus to compel the payment of a judgment which the petitioner had recovered against the county. The defense set up is that the payment of the judgment will result in incurring indebtedness and liability exceeding the income of the county for the then current fiscal year, and that the board has no authority to provide for the payment of such excess from the revenue of the ensuing fiscal year.

If such a defense had existed, the proper place to interpose it would have been in the action in which the judgment was rendered. For aught that appears, that defense may have been there interposed by answer, and the issue tried and decided adversely to the county.

The order appealed from directed that the respondent be required to allow and pay the amount of the judgment. The order to allow is correct; but the board of supervisors does not pay demands; the treasurer is to pay; and it may be that when the warrant shall be presented there will not be sufficient money in the proper fund for the year.

The order is modified by striking out the words "and pay," and in all other respects it is affirmed.