[No. 18290.   Department One.—August 15, 1894.]

FRANK W. JOHNSON, APPELLANT, *v.* THE COUNTY
OF YUBA, RESPONDENT.

ELECTIONS—PUBLICATION OF LIST OF NOMINATIONS BY COUNTY CLERK.—
The publication of the list of nominations provided for in section 1194
of the Political Code is a part of the county advertising, and the cost of
it is a county charge.

ID.—PUBLICATION OF GENERAL LISTS—SEPARATE LISTS—TOWNSHIP OFFICES
—CONSTRUCTION OF CODE.—Section 1194 of the Political Code, reason-
ably construed, contemplates only the publication of one general list of
all nominations upon which the people of the county will be called to
exercise their choice, and not a copy *fac simile* of the official ballot, nor
the publication of separate lists of the nominations, each complete in
itself for each of the political subdivisions of the county having offices
to fill; each list containing, besides the names of those nominated for
state and county offices, only the names of the district or township nom-
inees in the county, to be voted for in a particular district or township;
and the proprietor of a newspaper cannot recover for the printing of such
separate lists.

ID.—ACTION FOR COUNTY ADVERTISING—DEMURRER TO COMPLAINT—
MONEY IN TREASURY—LIMIT OF COUNTY LIABILITY—DEFENSE.—In an
action to recover for county advertising for publication of the lists of
nominations, it is not a ground of demurrer that it is not alleged that
there was money in the county treasury to meet the demand, nor that
the allowance of the demand against the county would not exceed the
limit of liability which the county was authorized to contract for the
fiscal year, but such matter, if it exists, is purely matter of defense.

APPEAL from a judgment of the Superior Court of
Yuba County.

The facts are stated in the opinion of the court.

*M. E. Sanborn, Richard Belcher,* and *W. H. Carlin,* for
Appellant.

*District Attorney E. P. McDaniel,* and *J. H. Craddock,*
for Respondent.

VAN FLEET, J.—The superior court did not err in
striking from the complaint the matter objected to as
irrelevant and redundant.   The action was to recover
for services rendered in publishing the list of nomina-
tions required to be published by the county clerk

under section 1194 of the Political Code, for the general election in November, 1892, in the county of Yuba. The allegations contained in the matter stricken out proceeded upon the theory that the statute required the publication of a separate list of the nominations, complete in itself, for each of the political subdivisions of the county having offices to fill, each list to contain, besides the names of those nominated for state and county offices, only the names of the district or township nominees in the county to be voted for in a particular district or township, and in pursuance of this theory alleged the publication of thirteen separate lists, one for each of two supervisor districts and one for each of eleven judicial townships. The statute will bear no such construction. It provides that: "At least ten days before an election to fill any public office, the county clerk of each county shall cause to be published in at least two newspapers of general circulation within the county the nominations to office certified to him by the secretary of state, and also all those filed with the county clerk. He shall make not less than two publications in each of such newspapers before election day, one of such publications being made upon the last day upon which such newspaper is issued before the day of election. The list of such nominations published by the county clerks of the respective counties shall be arranged in the order and form in which they will be printed upon the ballot." Reasonably construed, this language contemplates the publication of one general list of all nominations upon which the people of the county will be called to exercise their choice. The evident purpose of the statute is the education of the voters of the county in their duties as electors, by informing them of the names of those proposed for their suffrages for the various offices to be filled at the ensuing election, and the general order and form in which the names will appear on the ballot to be voted, that the voters may thus be afforded the opportunity to acquaint themselves with the character

and fitness of such nominees, and how to mark their tickets, thus enabling them to more readily and intelligently discharge their duty on the day of election. This purpose is as well subserved by the publication of one general list embracing all the nominations as it would be by the mode adopted by appellant's assignor. It is not, as appellant erroneously contends, an exact copy or *fac simile* of the official ballot that is to be published, but a "list of nominations"; nor is it contemplated, apparently, that the information to be furnished by such publication will be necessarily as exact in all respects as that to be had by the voter from an inspection of the "sample ballot" provided for in section 1210 of the Political Code, to be furnished to voters five days before election, or the official ballot to be voted on election day, but is rather to prepare the mind of the voter in a general way, as above indicated, for a more ready understanding of such official ballot when he comes to vote. To adopt a construction which would sustain the attitude of appellant would be simply to impose an unreasonable burden of expense upon the taxpayers without any corresponding benefit. The matter being irrelevant to the cause of action stated, was properly reached on a motion to strike out.

We think, however, that the complaint was not open to the objections raised by the demurrer, and that the latter should have been overruled.

The objection that the cost of the publication provided for by the act is not made a county charge is untenable. It is a part of the county advertising, and falls within the provisions of subdivision 23 of section 25 of the County Government Act (Stats. 1891, p. 305), by which the supervisors are authorized to provide for such advertising. Nor is it any ground of demurrer that it is not alleged that there was money in the county treasury to meet the demand, or that the allowance of the demand against the county would not exceed the limit of liability which the county was authorized to contract for the fiscal year. This was purely matter of

defense, if it existed. (*Johnson* v. *Supervisors*, 65 Cal. 481.) We think the other objections urged to the complaint equally untenable.

Judgment reversed, and cause remanded, with directions to the lower court to overrule the demurrer.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.