Gunter, J.
The complaint alleges the following contract, to wit: “Physicians contract. This agreement made and entered into this lOfh day of May, A. D. 1894, by and between Dr. W. L. Miller * * * of the first part, and J. S. Newell, H. A. Irons and H. J. Parish, who constitute the board of county commissioners of said Weld county * * * of the second part: Witnesseth, That the said party of the first part does * * * agree to and with the parties of the second part, that he * * * will for the consideration here *122 inafter named furnish medicine, bandages, dressings, and give medical and surgical attendance to the pauper patients within the limits of the city of Greeley, inmates of the county hospital, diphtheria hospital, pest house and county jail, whether such pauper patients be residents of Weld county, or of some other county, for the period of one year from the date of this agreement, for the sum of $197.00 and to the poor of the town of Evans at $1.50 per visit.
“To furnish medicine, bandages, dressings and give medical and surgical attendance to the pauper patients outside of the corporate limits of the cities of Greeley and Evans, the county hospital, diphtheria hospital, pest house and county jail, whether such pauper patients be residents of Weld county or of some other county, for the period of one year from the date hereof, at the rate of fifty cents per visit, with mileage added at the rate of fifty cents per mile-, one way, necessarily traveled- in- making such visit.
“It is also further agreed and mutually understood between the parties hereto:
“First — That no extra charge shall be made by the party of the first part for attending upon any contagious disease.
“Second — That no extra charge shall be made by the party of the first part for attending at any obstetrical or midwifery case, nor attendance at or performance of any surgical operation upon any pauper within the county of Weld by the party of the ■first part during the life of this contract.
“Third — -That the compensation named above shall include any and all charges to be made by the party of the first part as county physician of said Weld county.
“The said parties of the second part do hereby, for said Weld county * * * agree to and with the party of the first part, * * * that they, the said *123 parties'of the second part *' * * will and shall, in consideration of the covenants and agreements herein being strictly executed, kept and performed by the party of the first part, as specified, well and truly pay or cause to be paid unto the party of the first part * * * the sum of one hundred and ninety-seven dollars payable in quarterly installments of $49.25 each.
“It is further agreed by and between the parties hereto that either party may discontinue the stipulations and agreements herein contained by first giving, at least, thirty days notice of such discontinuance' to the other party.
“In witness whereof, the said parties to these presents have hereunto set their hands and seals this 10th day of May, A. D. 1894. .
“W. L. Miller, M. D., party of the first part.
“J. S. Newell, H. A. Irons, H. J. Parish; county commissioners of Weld county, parties of the second part. ’ ’
The complaint further alleges that plaintiff therein duly performed his duties as required by said contract, so far as the same were called to his attention, and that he was at all times ready and willing to furnish and perform all that was required of him as county physician of said county undér the terms of said contract.
It is further alleged that defendant violated said contract in employing various other physicians and surgeons to furnish medicine and medical appliances and give medicine and surgical attendance to various pauper patients in the town of Evans in said county and to various pauper patients residing outside of the cities of Greeley and Evans, and the poor house and county jail in said county; that thereby plaintiff had sustained damages in a certain sum.
The answer so far as material to this ruling, *124 admits the contract, denies its breach and any damages consequent from its alleged violation.
The lower court gave judgment upon the pleadings and dismissed the action upon the ground that the complaint failed to state a cause of action.
Defendant in error in support of this ruling contends :
1. That the complaint in omitting to allege an appropriation prior to the making of such contract from which to meet the expenditure to be incurred thereby, as provided by Mills’ Ann. Stats., vol. 3, secs. 799a, 799b and 799c, did not state a cause of action.
If such appropriation was necessary to the validity of the contract — which we do not decide — its absence was matter of defense and incumbent upon appellee to plead and prove.—The Board of County Commissioners of San Juan County v. Thomas H. Tulley, ante, p. 113; Remedies and Remedial Rights, Pomeroy, p. 731, § 8; 1 Encyclopedia of Pleading and Practice, § 844, and cases cited; Brown v. Board of Education of City of Pomona, 103 Calif. 531, 37 Pac. 503; Johnson v. Yuba County, 103 Calif. 538, 37 Pac. 528.
2. In support of the holding below appellee further contends that the above contract is void for lack of mutuality in this, that while the contract discloses that appellant, plaintiff below, offered to perform the services therein enumerated and to furnish the medicine and medical appliances mentioned for the fees stated therein, that appellee never agreed to pay such fees; that the covenant of appellee is found in the following portion of the contract, to wit: ‘ ‘ The said parties of the second part do hereby * * * agree * * * wittL the party of the first part * * * that they, the parties of the second part * * * will and shall in consideration of the cov *125 enants and agreements herein being strictly executed * * * by the party of the first part as specified will * * * pay * * * unto the party of the first part * * * the sum of $197.00 payable in quarterly installments of $49.25 each.”
It appears from the complaint that April 11, 1894, appellee gave public notice to the physicians of the said county that it would receive proposals from said physicians May 8, 1894, for the performance of services and furnishing of materials and surgical appliances enumerated in above contract for one year. Appellant filed his bid in conformity with the notice. It further appears that May 9, 1894, ap.pellee passed the following resolution: “The several bids for county physician were opened and that of<Dr. W. L. Miller being the lowest the board declared him appointed pending the signing of the said contract.”
The complaint then avers the making of the contract in pursuance of the accepted bid.
It is a reasonable conclusion from these preliminaries that the parties to the contract intended thereby to make one for the time, services, medicine and surgical appliances called for in the notice and bid.
The contract other than the section relied upon by appellee is a clear agreement between the parties thereto, the one to perform services, furnish medicines and surgical appliances for one year at the fees therein stated, and on the part of the other to accept such services, medicines and surgical appliances at the prescribed fees. It certainly was not the intention of the parties by the clause cited by appellee to nullify that to which in the earlier part of the contract they had agreed, yet such would be the effect if the construction claimed by appellee were placed upon the instrument. Furthermore, it would annul the contract.
*126 If the part of the contract relied upon by appellee to defeat it, is construed simply as a repetition of the preceding clause, providing the fees for furnishing medicine, surgical appliances and giving professional services to the.pauper patients within the limits of the city of Greeley, inmates of the county hospital, diphtheria hospital, pest house and county jail for the period of one year, and given, no further effect, and the contract a.s a whole is construed as an agreement between the parties, that the one shall perform all services, furnish all medicine and surgical appliances mentioned in the contract for the period of one year at fees stated, and that the other shall receive and pay for the same for such time at such fees, the construction will be in accord with the intention of the parties as shown by the preliminaries leading up to the contract, will be reasonable, harmonious effect will be given to. every part of the instrument, and as between the two constructions, the one upholding, and the other invalidating the contract, the one sustaining the contract will have been adopted.
This construction upholding the contract meets our approval. The court erred in holding that the complaint did not state facts sufficient to constitute a cause of action.
Judgment reversed. Reversed..