[Civ. No. 4309. First Appellate District, Division Two.—July 11, 1922.]

OSCAR HEYMAN & BROTHER (a Corporation), Petitioner, v. EDWIN C. BATH et al., Respondents.

[1] MUNICIPAL CORPORATIONS—RECOVERY OF TAXES PAID UNDER PROTEST — PAYMENT OF JUDGMENT — LEVY OF TAX — CONSTITUTIONAL LAW.—Section 18 of article XI of the constitution, which provides that no county shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, cannot be urged against an application for a writ of mandate to require the governing body of a municipal corporation to take appropriate proceedings for the levy and collection of a tax sufficient to pay a judgment held by the petitioner against the corporation, which judgment involved the legality of a tax previously assessed and paid by the petitioner under protest, since the payment of the tax was involuntary and the judgment was evidence of an obligation imposed by law rather than one implied in fact.

PROCEEDING in Mandamus to require the levy and collection of a tax sufficient to pay a judgment against a municipality. Writ granted.

The facts are stated in the opinion of the court.

Keyes & Erskine, H. W. Hobbs, Jacob Samuels and Joseph H. Mayer for Petitioner.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

NOURSE, J.—This is an original proceeding in *mandamus* to require the respondents, as members of the board of supervisors of the city and county of San Francisco, to take the appropriate proceedings for the levy and collection of a tax sufficient to pay a judgment which the petitioner holds against the said city and county. The judgment involved the legality of a tax previously assessed and paid by petitioner under protest. It was a final determination of the illegality of the tax and of the obligation of the city to make repayment.

In this proceeding the respondents filed a general demurrer and in argument rely upon the provisions of section 18 of article XI of the constitution, which provides that "no county . . . shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year . . . " It is said that by judicial decisions this section has been interpreted as applying only to actions *ex contracto* and not to actions *ex delicto* or to obligations directly imposed by statute such as salaries of public officers. In support of the position that the obligation to pay taxes illegally collected comes within the terms of the section, respondents argue that this obligation is one based upon an implied contract because the taxpayer having been given the option to either pay under protest or to suffer seizure, the payment must be deemed to be a voluntary one.

[1] We are satisfied that the payment of the tax involved here was involuntary and that the judgment is evidence of an obligation imposed by law rather than one implied in fact. Such being the case, the city is not asked to "incur" an indebtedness in excess of its income and revenue, but is asked to provide the necessary income and revenue sufficient to meet an indebtedness imposed upon it by law. All other points urged were determined in *Metropolitan Life Ins. Co. v. Deasy,* 41 Cal. App. 667 [183 Pac. 243].

Let a peremptory writ issue as prayed.

Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.