## WILLIAM McKINNEY v. TOWN OF GREAT SCOTT.[1]

October 31, 1924.

No. 24,173.

**Complaint in action on township warrants.**

In an action on township warrants, the complaint need not allege that there have been or are funds available for payment. Absence of funds and consequent statutory inability to pay are matters of defense to be pleaded and proved by the defendant.

Action in the district court for St. Louis county to recover $4,548.25 and interest. From an order, Magney, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*P. C. Schmidt* and *Lewis & Hunt*, for appellant.

*A. R. Folsom*, for respondent.

*Boyle & Montague*, as amici curiae, filed a brief in behalf of First National Bank of Buhl.

STONE, J.

Appeal from an order sustaining a general demurrer to the complaint which declares, in 71 causes of action, upon as many municipal warrants of defendant township. Except for the amounts and dates of the warrants, there is no difference between the several

[1]Reported in 200 N. W. 478.

causes of action save that plaintiff is the payee of some and the transferee of other of the warrants.

The complaint alleges the issuance of the warrants for a valuable consideration, stating their tenor and effect with the date and amount of each, their presentment for payment, refusal of payment and, as to each warrant, the amount due plaintiff.

The complaint does not allege, with respect to any of the warrants, that at the time payment was demanded, or at any time thereafter or at the present time, there have been or are in the treasury of defendant township, funds out of which payment could have been or should be made. And the sole question is whether, in a case such as this, it is necessary that the complaint allege that there are funds available in the treasury of the defendant for the payment of the warrant or warrants in question. No decision of this court touching the problem has been brought to our attention.

The warrants themselves do not so condition their payment, but the argument is that the statute, G. S. 1913, § 1159, makes the presence of funds available for payment a condition of the contract itself, and that the contractual obligation to pay does not mature until funds are available for payment. The statute provides that town orders "shall be paid in the order in which they are registered, out of the first money that comes into the treasurer's hands for that purpose."

Without now attaching to this statute any effect for other purposes and without detracting from its purpose to postpone the enforcement of payment until funds are available, we hold that the statute is no part of the contract evidenced by the warrants, and that the absence of funds available for payment constitutes an affirmative defense which properly should be set out by answer, rather than in the complaint. It is defensive matter, just as much so as the fact of payment. It should not be required, therefore, and so far as we can ascertain there is no rule requiring, as a part of the complaint on a municipal warrant, an allegation of the existence of funds available for payment.

We agree that "it would be a strange doctrine that would impose upon a creditor, holding his debtor's obligation, the duty of

showing both a liability and an ability to pay." City of Connersville v. Connersville Hydraulic Co. 86 Ind. 184. To the same effect is Johnson v. County of Yuba, 103 Cal. 583, 37 Pac. 528, where it was held, in an action to recover for county advertising, not a ground for demurrer that it was not alleged that there was money in the treasury to meet the demand, such matter being purely of defense.

It may be necessary in order to avoid the statute of limitations and a demurrer on that ground, for a plaintiff to allege that no funds have ever been available for the payment of an old warrant, one which but for that fact would be barred by the statute. Forbes v. Grand County, 23 Colo. 344, 47 Pac. 388. In much the same way it might be necessary for the holder of a promissory note, in suing upon it, to allege in his complaint that the defendant maker had been absent from the jurisdiction for a certain number of years, such an allegation being necessary in order to avoid an attack by demurrer upon the ground that the statute of limitations appeared to have run against the note.

That consideration has little relevancy to a demurrer upon the ground that a complaint states no cause of action. In such cases it has never been held that, in suits on contracts, particularly naked promises to pay money, such as notes and warrants, it is necessary for the complaint to negative all possible conditions merely postponing the time for payment. If such legal disabilities exist, it is for the defendant to bring them forward by answer in the nature of a plea in abatement.

The argument of expediency is all against compelling the plaintiff to plead or prove that there are or have been funds available for payment of warrants. The situation on that phase of the case is particularly within the knowledge of the defendant. It may require the efforts of expert accountants to ascertain the fact one way or the other. It is to be determined only from the records of the defendant. To require a plaintiff to undertake the initial proof of the condition of a municipal defendant's accounts, with respect to one or several funds, would be imposing altogether too great a burden upon the assertion of contract rights. There may be

cases where lack of funds is no defense. If there is legal disability to pay by reason of the absence of funds, or the fact that other and prior warrants are outstanding which will consume the funds which are available, it is an easy thing for the defendant to allege and prove that fact. It is fair as well as logical to require the defendant both to plead and to prove it.

Speaking of the fact that other and prior warrants may be outstanding, the holders of which have rights superior to the warrants in suit, it is sufficient to say that a complaint in intervention on behalf of the holders of such prior warrants will fully protect them. Aside from that, the officers of a defendant municipality may be depended upon to plead the fact, if it be a fact, that such funds as they have must be held for prior warrants. That is their duty and of course will be performed.

Order reversed.