[Sac. No. 3720.  In Bank.—August 20, 1926.]

C. C. KENNEDY, Respondent, v. CITY OF GUSTINE (a Municipal Corporation), Appellant.

[1] MUNICIPAL CORPORATIONS — STREET WORK—EMPLOYMENT OF ENGINEER—VALIDITY OF CONTRACT—PUBLIC OFFICERS.—An engineer specifically employed under a contract with a municipal corporation of the sixth class in certain street improvements under the Street Improvement Act of 1911 (Stats. 1911, p. 730), to make all surveys, prepare all necessary data for fixing grades, to make all necessary maps, prepare all ordinances, resolutions and notices, all specifications, to inspect all work and materials, and to prepare or pass upon all contracts and estimates, diagrams and certificates relating to the work, is not an officer of the city and the contract is a valid one.

[2] ID.—EMPLOYING OF ENGINEER—AUTHORITY OF CITY.—Under section 41 of the Improvement Act of 1911, in a city having no city engineer, the city council is authorized to appoint a suitable person to discharge the duties of a city engineer and to fix his compensation.

[3] ID.—WHAT CONSTITUTES PUBLIC OFFICE.—Whether a position, or office, is a public office depends, not upon what the particular office in question may be called, nor upon what a statute may call it, but upon the power granted and wielded, the duties and functions performed, and other circumstances which manifest the true character of the position and make and mark it a public office irrespective of its formal designation.

[4] ID.—ABANDONMENT OF WORK—INCIDENTAL EXPENSES—COMPENSATION OF ENGINEER—LIABILITY OF CITY.—Under section 17 of the Street Improvement Act of 1911, where a city abandons street improvement work, the incidental expenses incurred previous to such abandonment shall be paid out of the city treasury, which includes a reasonable compensation for the city engineer for work done by him, and the percentage method of fixing such compensation does not render the contract invalid.

[5] ID.—ACTION FOR COMPENSATION — PLEADING.—In an action by an engineer to recover the reasonable value of engineering services performed by him in certain street improvements for a city, which work was abandoned by the city, the burden was not upon the plaintiff to plead or prove that there were funds in the treasury of the city sufficient to pay his claims and that said claims did not exceed the income and revenues provided for the year in which the indebtedness was incurred, as such matters were for the defense.

---

(1) 28 Cyc., p. 650, n. 65.   (2) 28 Cyc., p. 588, n. 39, p. 600, n. 37. (3) 28 Cyc., p. 1057, n. 35; 29 Cyc., p. 1366, n. 39 New.   (4) 28 Cyc., p. 600, n. 34, p. 604, n. 66 New.   (5) 15 C. J., p. 577, n. 73; 28 Cyc., p. 604, n. 69.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. W. Henderson for Appellant.

Nathan B. McVay and Hugh K. Landram for Respondent.

---

3.   See 21 Cal. Jur. 819.
4.   See 19 Cal. Jur. 233.
5.   See 21 Cal. Jur. 62; 21 R. C. L. 492.

THE COURT.—The following opinion, prepared by Mr.
Presiding Justice William M. Finch of the District Court
of Appeal, Third Appellate District, while sitting as a
justice *pro tem.*, of this court, is adopted as the decision of
the court:

The defendant is a city of the sixth class.  At the times
herein mentioned it had no city engineer, unless it can be
said that the plaintiff was appointed to that office.  The re-
lation between the parties is shown by the minutes of the
board of trustees of defendant and the contract entered into
between the trustees and the plaintiff.  In the minutes of
July 12, 1920, the following appears: "Mr. C. C. Kennedy
from Berkeley being present, talked with the board in re-
gard to street grades and so forth for the city of Gustine.
On motion made and seconded, Mr. C. C. Kennedy was ap-
pointed as city engineer, his compensation to be seven per
cent of cost of construction work."  The minutes of August
16, 1920, recite: "The agreement between C. C. Kennedy
and the City of Gustine was read, a motion was made and
recorded that the president of the Board of Trustees be
authorized to execute agreement."  Thereupon, at the same
time, the agreement referred to was executed by the presi-
dent of the board and the plaintiff.  The agreement pro-
vides:

"This agreement made and entered into this 16 day of
August, 1920, by and between the City of Gustine, State of
California, and a city of the sixth class, party of the first
part, and C. C. Kennedy, of the County of Marin, State of
California, the party of the second part, witnesseth:

"That for and in consideration of the compensation to be
paid by the party of the first part to the party of the sec-
ond part at the times and in the manner hereinafter pro-
vided, the party of the first part hereby employs said party
of the second part as City Engineer of the said City of
Gustine, for the purpose of performing the engineering
work and supervising the construction of certain street im-
provements in said City of Gustine, namely: The construc-
tion of curbs, sidewalks and pavement upon [naming certain
streets] during the present and next succeeding calendar
year.

"In the prosecution of the work of making said improvements, the party of the second part hereby agrees to perform the following services, to wit: To make all surveys, run all levels, cross-sections and profiles; to prepare all data necessary to the fixing of grades for the entire City of Gustine; to make all necessary maps and designs for the carrying out of said work; to prepare or pass upon all ordinances, resolutions and notices required to be adopted or posted in the conduct and prosecution of such improvements; to prepare all specifications and inspect all work performed and materials furnished in said work; to prepare or pass upon all contracts and estimates, diagrams and certificates relating to such work from the commencement to the completion thereof.

"In consideration of said services, said City of Gustine hereby agrees to pay to said party of the second part in accordance with law, the sum equal to seven per cent of the total cost of the construction of each of said improvements hereinabove referred to, payable in the following manner, to wit: Two and one-half per cent of the estimated cost upon the completion and filing of the plans and specifications and estimate of quantities, two and one-half per cent of said estimated cost upon the completion of fifty per cent of the work of construction and the balance of the total seven per cent of the actual cost of construction upon the completion and filing of the engineer's certificate, the completion of the assessment-roll and diagram covering the cost of said improvement. In the event that any of said improvements are rescinded or postponed by the city, the party of the first part shall pay to the party of the second part as compensation the proper *pro rata* in accordance with the preceding schedule."

The plaintiff duly performed all services required of him by the agreement until the defendant abandoned the contemplated improvements. The proceedings were taken under the Improvement Act of 1911. (Stats. 1911, p. 730.) The complaint contains two counts. From the allegations and proofs it appears that the proceedings relative to the contemplated improvements referred to in the first count were carried forward to the point of advertising for and receiving bids and then abandoned and that those referred to in the second count did not proceed further than the adop-

tion of grades.  The defendant thereupon "rescinded and canceled" all proceedings had in the matter and notified the plaintiff "that his services as city engineer are no longer required and for him to present his bill."  The plaintiff duly presented his claims for $1,824.65 for services in connection with the first contemplated improvements and $350 for the second.  The defendant refused to allow the claims and this action followed.  Judgment was entered in favor of plaintiff for half the amount of each claim and the defendant has appealed.

The complaint alleges the foregoing facts and that the amounts stated are the reasonable value of plaintiff's services.  The answer admits the execution of the contract and the performance of the alleged services by plaintiff; alleges that such services were performed "under and pursuant to the agreement," denies the alleged reasonable value of plaintiff's services, and alleges that he has been fully paid therefor.

[1] Appellant's first contention is that the agreement is void on the ground that at the time of its execution the plaintiff was an officer of the city and that he was interested in any contract that might be made for street improvements, in that he was to receive seven per cent of the contract price thereof.  It is clear, however, that the plaintiff was not an officer of the city, but that he was employed, not to discharge the general duties of the office of city engineer, but only the particular engineering work specified in the contract.  [2] Section 41 of the Improvement Act of 1911 provides: "In all those cities where there is no city engineer, the city council thereof is hereby authorized and empowered to appoint a suitable person to discharge the duties herein laid down as those of city engineer, and all the provisions hereof applicable to the city engineer shall apply to such person so appointed.  Said city council is hereby empowered to fix his compensation for such services."  From the minutes of the board of trustees and the contract itself it is clearly apparent that the plaintiff was not an officer of the city but an employee thereof.  Any reference to him in the minutes or the contract or in the evidence as "city engineer" is not controlling.  [3] Whether a position, or office, is a public office depends "not upon what the particular office in question may be called, nor upon what

a statute may call it, but upon the power granted and wielded, the duties and functions performed and other circumstances which manifest the true character of the position and make and mark it a public office, irrespective of its formal designation.'' (*Coulter* v. *Pool,* 187 Cal. 181, 186 [201 Pac. 120, 123]; *Logan* v. *Shields,* 190 Cal. 661, 662 [214 Pac. 45]; *Curtin* v. *State of California,* 61 Cal. App. 377, 390 [214 Pac. 1030].)

A city is not primarily liable for the cost of street improvements made pursuant to the terms of the act of 1911, but the same becomes a lien on the property to be benefited . if the improvements are actually made. **[4]** Section 17 of the act, however, provides: ''In case the work is abandoned by the city, the incidental expenses incurred previous to such abandonment shall be paid out of the city treasury.'' Section 79, subdivision 3, provides: ''The term 'incidental expenses,' as used in this act, shall include the compensation of the city engineer for work done by him.'' It thus appears by the terms of the act as well as by the terms of the contract between the parties that the plaintiff is entitled to reasonable compensation for his services. The percentage method of fixing such compensation does not render the contract invalid. (*Skidmore* v. *West,* 186 Cal. 212, 220 [199 Pac. 497].)

**[5]** Appellant says: ''It was incumbent upon the respondent to allege and prove that there were funds in the treasury of the City of Gustine sufficient to pay the claims of respondent, and that said claims did not exceed the income and revenues provided for the year in which the indebtedness was incurred. Admittedly there was no allegation whatsoever as to the condition of the funds and there was no showing made whatsoever at the trial in reference thereto.'' The burden was not upon the plaintiff to make such showing. In overruling a like objection in *Johnson* v. *County of Yuba,* 103 Cal. 538, 540 [37 Pac. 528, 529], it is said: ''Nor is it any ground of demurrer that it is not alleged that there was money in the county treasury to meet the demand, or that the allowance of the demand against the county would not exceed the limit of liability which the county was authorized to contract for the fiscal year. This was purely matter of defense if it existed.''

(See, also, Dillon's Municipal Corporations, 5th ed., sec. 208, and 15 Corpus Juris, 575.)

The evidence is amply sufficient to support the judgment, whether based upon the terms of the act or those of the contract. The evidence is also sufficient to show that plaintiff has not been paid for his services. The other errors assigned by the appellant are based upon contentions hereinbefore considered and are without merit.

The judgment is affirmed.