[Sac. No. 4382. In Bank.—July 15, 1930.]

C. C. KENNEDY, Appellant, v. CITY OF GUSTINE (a Municipal Corporation) et al., Respondents.

Nathan B. McVay for Appellant.

F. W. Henderson for Respondents.

THE COURT.—The following opinion prepared by Presiding Justice Finch and concurred in by Justices Plummer and Thompson of the third appellate district we hereby adopt as the decision of this court:

"The defendant City of Gustine, which will be referred to herein as the defendant and respondent, is a municipal corporation of the sixth class. In the year 1920 it employed the plaintiff to perform the engineering work and supervise the construction of certain street improvements under the Improvement Act of 1911. (Stats. 1911, p. 730.) After the plaintiff had performed part of the services for which he was employed, and after the defendant had adopted a resolution of intention to make the improvements, it abandoned the proceedings and terminated the plaintiff's employment. In an action against the defendant the plaintiff recovered judgment for the reasonable value of the services he had performed. The judgment was affirmed on appeal. (*Kennedy* v. *City of Gustine,* 199 Cal. 251 [248 Pac. 910].) Thereafter the plaintiff instituted this proceeding for a writ of mandate to compel the defendant and its officers to raise the amount of the judgment by a tax levy. Judgment was entered in favor of the defendants and the plaintiff has appealed.

"It was stipulated at the trial that the defendant's indebtedness to the plaintiff 'exceeded the income and revenue of said City of Gustine from all sources provided for the year in which said indebtedness and liability was incurred,

and that said indebtedness and liability was so incurred without the assent of two-thirds of the qualified electors of said City of Gustine voting at an election for that purpose.' The only question to be determined is whether the indebtedness was incurred in violation of section 18, article XI, of the Constitution, which provides:

"'No . . . city . . . shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose.'

"It is conceded that if the liability in question is contractual the judgment must be affirmed. (*Arthur* v. *City of Petaluma*, 175 Cal. 216 [165 Pac. 698].) On the other hand, it is conceded that if such liability is one created by statute the judgment must be reversed. The judgment which the plaintiff recovered against the defendant is based on the provisions of section 17 of the Improvement Act of 1911, which reads as follows:

"'Before being entitled to a contract, the bidder to whom the award was made, or the owners who have elected to take the contract, must advance to the superintendent of streets, for payment by him, the cost of publication of the notices, resolutions, orders and matters required under the proceedings prescribed in this act, and of such other notices as may be deemed requisite by the city council, together with all other incidental expenses incurred up to the time of entering into the contract. And in case the work is abandoned by the city, the incidental expenses incurred previous to such abandonment shall be paid out of the city treasury.'

"The contract between the plaintiff and the defendant is not contained in the record. In the absence thereof it may be presumed to be such as to warrant the judgment. It may be presumed to contain the terms set forth in *Kennedy* v. *City of Gustine*, 199 Cal. 251, 254 [248 Pac. 910, 911], one of which reads as follows: 'In the event that any of said improvements are rescinded or postponed by the city, the party of the first part shall pay to the party of the second part as compensation the proper *pro rata* in accordance with the preceding schedule.' This language constitutes a direct promise to pay the plaintiff for his services in the event of the abandonment of the work by the defendant and estab-

lishes a contractual obligation to make such payment. In the absence of any such provision in the contract, section 17 of the Improvement Act became a part thereof and is binding upon the defendant as one of the terms thereof. 'All applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms.' (6 Cal. Jur. 310.)''

The judgment is affirmed.

Preston, J., dissented.