[Civ. No. 7087.  Second Appellate District, Division One.—May 31, 1932.]

HOMER C. MILLS, Respondent, v. REVE E. HOUCK et al., Appellants.

John J. Dillon and William S. Emmons, City Attorneys, for Appellants.

J. Marion Wright for Respondent.

YORK, J.—The plaintiff petitioned the trial court for a writ of mandate to compel the city council of the city of

Culver City to include in the tax levy for the fiscal year of 1930–1931, a rate or sum sufficient to pay plaintiff's judgment against the city of Culver City, in the sum of $2,753.50, with interest thereon at the rate of seven per cent per annum from June 18, 1928, or in lieu thereof, a rate or sum sufficient to pay at least one-tenth of the whole amount of said judgment, interest and costs, and to so levy a tax in each succeeding year until the whole amount of judgment be paid. The writ was granted in accordance with said prayer.

As set forth in appellants' opening brief, the city of Culver City took all the necessary steps to institute eminent domain proceedings against certain property in the said city to be used for street purposes. The action was duly filed wherein plaintiffs herein were defendants. Subsequently, the eminent domain proceeding was dismissed and the proceedings were abandoned. Thereafter, judgment was rendered in favor of H. C. Mills, the plaintiff and respondent here, for the sum of $2,753.50, under the provisions of section 1255a of the Code of Civil Procedure, but the city council of the said city of Culver City refused to provide for payment of the judgment, whereupon the present *mandamus* action was instituted.

As stated by appellants, the sole question on this appeal is whether the city of Culver City is precluded from paying the said judgment, due to the inhibition of section 18, article XI, of the Constitution of the state of California, which reads as follows: "No county, city, town, township, board of education, or school district, shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose. . . . " Appellants concede that the inhibition of this constitutional provision does not apply to indebtedness involuntarily incurred by a municipal corporation.

On the trial of the action, the trial judge ordered and gave judgment for a peremptory writ of mandate, wherein it was ordered that the demurrer to plaintiff's amended complaint "be and the same is overruled", and that plaintiff was entitled to a peremptory writ of mandate as provided in "Section 3 of Act 3918, General Laws of the State of California", for the payment of plaintiff's judgment with

interest and costs; and providing that the members of the city council of the city of Culver City and each of them be commanded to include in the tax levy for the next fiscal year (beginning July 1, 1930, and ending June 30, 1931), a rate or sum sufficient to pay plaintiff's judgment herein in the sum of $2,753.50, with interest thereon at the rate of seven per cent per annum from June 18, 1928, until paid. (The statute referred to is Act 3918 of Deering's Gen. Laws, 1923 ed.)

"Or in lieu thereof, said defendants and each of them are commanded to include in the tax levy for the next fiscal year (beginning July 1st, 1930, and ending June 30th, 1931) an aliquot part or fraction of the amount of said judgment with interest and costs, and thereafter a like aliquot part or fraction of the amount of such judgment, with interest and costs, shall be levied and paid each successive year until the whole thereof shall be paid; but such fractional levy and payment shall in no case be less than one-tenth of the whole amount of such judgment with interest and costs."

Said judgment also provided that in case the levy was not made for the next fiscal year (beginning July 1, 1930, and ending June 30, 1931), for the whole amount of said judgment, with interest and costs, that the defendants and each of them must make their returns to the writ on the first Monday of the first month of the next fiscal year, until such time as a tax levy sufficient to pay plaintiff's judgment with interest and costs, has been levied and paid. Said order and judgment also provided that plaintiff have judgment for costs expended.

Appellants concede that if an indebtedness such as the one here involved is a liability arising out of tort or a liability imposed by law, that the section of the Constitution here referred to does not apply. The main question therefore for determination is whether or not the liability incurred by the defendants under section 1255a of the Code of Civil Procedure is one imposed by law, i. e., fixed by statute.

In the case of *Lewis* v. *Widber,* 99 Cal. 412 [33 Pac. 1128], it was held that the payment of the salary of a public officer, whose office has been created and whose salary has been fixed by a law of the state, is not within the prohibition of section 18, article XI, of the Constitution, which, section,

it was there held, refers only to indebtedness or liability incurred by the act or conduct of the municipal body.

In *Bradford* v. *San Francisco*, 112 Cal. 537 [44 Pac. 912, 915], it was said: "It will be observed that the constitutional inhibition runs, not against the legislature of the state, but against the cities, towns, etc., against the several local governments enumerated. If, therefore, the legislature shall create offices and fix the salaries to be paid to them from the local treasuries, or devolve other indebtedness or liabilities upon the city within its legislative power and without their volition, it only remains for the municipal authorities to comply with such laws of the state."

Again, in *City of Sacramento* v. *Swanston*, 29 Cal. App. 212 [155 Pac. 101, 106], in which case it was contended that section 1255a, *supra*, violates the Fourteenth Amendment of the federal Constitution, and that it contravenes certain provisions of our state Constitution requiring that laws of a general nature shall be uniform in their operation and prohibiting the passage of special laws, it was said: "The right of eminent domain involves an extraordinary power of sovereignty. While it is an eminently proper and necessary right of sovereignty, its exercise should be carefully guarded so as to prevent abuses arising under it. The legislature can, as stated, and it should, impose upon its exercise such reasonable conditions as will discourage litigation not founded upon merit arising under it, or as will penalize to a reasonable extent those who resort to it with the intention of securing property at the price they appraise it for and abandoning the proceedings if the value fixed by the jury and court are in excess thereof even only in a reasonable amount. Under the statute complained of here, if the plaintiff accepts the property at the price at which it is judicially appraised, the defendant only receives the compensation so fixed. If the property is not accepted by the plaintiff, then he must reimburse the defendant for the expenses which he has been compelled to bear in litigation for which he was not responsible.

"Thus it is plainly to be seen that the section of the code in question does not impinge upon any provision either of the state or federal Constitution."

From this it would appear that by section 1255a of the Code of Civil Procedure it was the intention of the

legislature to impose reasonable conditions upon the exercise of the right of eminent domain, and that the liability so created is in the nature of a penalty imposed by law—fixed by statute—and therefore not controlled by section 18, article XI, of the Constitution. The liability to pay costs is not caused by the direct act of the city in incurring a debt or a liability, but is a mere incident fixed by law, whereby the costs of litigation are required to be paid by the city, and the provisions of section 18, article XI, of the Constitution could not be construed to prohibit the payment of a mere incident to the litigation, to wit: Costs in an eminent domain proceeding, and which costs are the only items required to be paid by this writ of mandate.

Undoubtedly, payment of costs in an action of this kind is a liability fixed by statute, regardless of the fact that it is incurred by an individual, a private corporation or a public corporation.

The judgment is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. The limitation of liability for which section 18, article XI, of the Constitution provides, has reference only to contract indebtedness or liability. "In McQuillin on Municipal Corporations it is stated to be the well-settled rule that such provisions in the constitutions and statutes of the various states apply only to indebtedness which arises *ex contractu* and have no application to involuntary liabilities arising *ex delicto*." (*City of Long Beach* v. *Lisenby,* 180 Cal. 52, 57 [179 Pac. 198, 200].) "This constitutional provision has been held applicable only to contractual obligations." (*Birch* v. *Monroe,* 70 Cal. App. 656, 661 [234 Pac. 125, 127], citing *City of Long Beach* v. *Lisenby, supra.*) "It is conceded that if the liability in question is contractual the judgment must be affirmed. (*Arthur* v. *City of Petaluma,* 175 Cal. 216 [165 Pac. 698].) On the other hand, it is conceded that if such liability is one created by statute the judgment must be reversed." (*Kennedy* v. *City of Gustine,* 210 Cal. 18, 20 [290 Pac. 38].) In *Oscar Heyman & Brother* v. *Bath,* 58 Cal. App. 499 [208 Pac. 980], the petitioner for writ of mandate was seeking to compel the levy and collection of a tax sufficient to pay a judgment for recovery of taxes

paid under protest. In defense the respondents relied upon section 18, article XI, of the Constitution. The court said: ''We are satisfied that the payment of the tax involved here was involuntary and that the judgment is evidence of an obligation imposed by law rather than one implied in fact. Such being the case, the city is not asked to 'incur' an indebtedness in excess of its income and revenue, but is asked to provide the necessary income and revenue sufficient to meet an indebtedness imposed upon it by law.''

The commencement and prosecution of the action for condemnation of plaintiff's property did not depend upon consent of the plaintiff. The abandonment of the proceeding was likewise without his consent. No relation of contract either express or implied existed between the parties. The expenses for which the judgment provides reimbursement were forced upon the plaintiff (defendant in the condemnation action) without his consent. The term ''liability'' as used in the Constitution includes implied contracts. (*Buck* v. *City of Eureka,* 124 Cal. 61, 68 [56 Pac. 612].) But at least they must be contracts. In *Arthur* v. *City of Petaluma,* 175 Cal. 216 [165 Pac. 698], the claim of the petitioner arose out of a contract, and the city was given the protection of the above-mentioned section of the Constitution. In the course of its discussion of the question the court said (p. 220): ''We have neither the right nor the disposition, by judicial interpretation, to take away the wholesome restriction upon municipalities thus imposed by the Constitution. Of course, in giving effect to this radical change from the pre-existing condition of things, it will not be strange if some shall be found to suffer. But it must be remembered that all are presumed to know the law and that whoever deals with a municipality is bound to know the extent of its powers. Those who contract with it, or furnish it supplies, do so with reference to the law, and must see that limit is not exceeded. With proper care on their part and on the part of the representatives of the municipality, there is no danger of loss.'' In using the language just quoted, Chief Justice Angellotti was quoting from a preceding decision of the court written by Mr. Justice Ross. (*San Francisco Gas Co.* v. *Brickwedel,* 62 Cal. 641.) It seems to me that in giving ex-

pression to these views of the subject, the Supreme Court had in mind a distinction which would have prevented it from applying the constitutional limitation relied upon herein to a liability to compensate for a loss which was imposed upon the judgment creditor just as completely without his consent as if his cause of action had resulted from a tort.

HOUSER, J.—I dissent. (*City of Pasadena* v. *Mc-Allaster,* 204 Cal. 267 [267 Pac. 873], and authorities there cited.)

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 29, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 28, 1932.