SCHAUER, J., Concurring.
I concur, but in reaching my conclusion upon that phase of the case wMch pertains to the *Supp. 757 question of trespass, I have been persuaded primarily by legal considerations which are somewhat different from those motivating the opinion of Mr. Presiding Judge Shaw and which, irrespective of other reasons assigned by him for his conclusion, seem ineluctably to lead us to the judgment reached.
The provisions of section 1861a, Civil Code, must in the absence of a special agreement to the eontrar)'-, be deemed to be a part of every contract of hiring of a furnished apartment or furnished bungalow court made between the keeper thereof and his guest or tenant. “And all applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms.” (6 Cal. Jur. 310, quoted in Kennedy v. City of Gustine, (1930) 210 Cal. 18, 21 [290 Pac. 38]. See, also, sec. 1656, Civ. Code, and cases cited in 6 Cal. Jur., at p. 311, under note 2, and under the same note, sec. 186, in 4 Cal. Jur. Ten-year Supp. [1926-1936], p. 111.) Such provisions constitute legislative recognition and declaration of the fact that the relation which exists between the “keepers” of furnished apartments or bungalow courts and “their tenants or guests” therein, is substantially the same in all material respects as that existing between innkeepers and their guests. It is obvious that such is the fact. The incidents of occupancy are largely the same, both constituting tenancy of a sort and both differing in the details of correlative rights and duties from those attending ordinary chattels real because the subject-matter of the hiring is similarly different therefrom.
“The relation of innkeeper and guest is not the relation of landlord and tenant, since there is no contract as to realty.” (32 C. J. 538.) In the case of DeWolf v. Ford, (1908) 193 N. Y. 397 [86 N. B. 527, 127 Am. St. Rep. 969, 21 L. R. A. (N. S.) 860], the New York court of appeals says: “ ... it has been reserved for us at this late day, in the development of our jurisprudence, to define, with such accuracy as the nature of this case requires, the relation of the innkeeper to the person of his guest. It is clearly not the conventional relation of landlord and tenant for there is no contract as to the realty. (Taylor, Land. & T., sec. 66.) A room in an inn occupied by a guest is not, in the legal sense, his dwelling-house for, notwithstanding his occupancy, it is the house of the innkeeper. (Rodgers v. People, 86 N. Y. 360 [40 Am. *Supp. 758 Rep. 548].) Nor is the relation of innkeeper and guest usually created by express contract, for as a rule it is based wholly upon the mere circumstance that one man happens to have an inn which is patronized by another, and the law implies whatever else is necessary to constitute the relation between them. (Anthon, Law Student, p. 57; Willard v. Reinhardt, 2 E. D. Smith, 148.) It is a relation, moreover, which cannot be defined with exactitude in matters of detail, for it may be one thing in a mining camp, or in the remote and sparsely settled portions of a country; it may be another thing in the tavern by the rural wayside, and yet another in the modern urban palace called a hotel. Between the extremes of rugged simplicity on the one hand and of palatial magnificence on the other, there are numberless gradations of service, attention, convenience, and luxury which must necessarily give the relation of innkeeper and guest such flexibility as will render if (sic) adaptable to varying conditions and circumstances.”
While it may not seem accurate to state unqualifiedly that “there is no contract as to realty” involved in the relationship between keepers of furnished apartments or bungalow courts and their guests, it seems reasonable to conclude that their contracts with each other, by whatever name the relationship be called, are qualified by the correlative rights and duties of innkeeper and guest. Certainly that is true so far at least as such elements are introduced into the contracts by law.
The very language employed in section 1861a of the Civil Code suggests the conclusion reached: it speaks not of lessors or landlords but of “keepers of furnished apartment houses or furnished bungalow courts” and it designates the occupants thereof, alternatively and synonymously, so far as the declared rights and duties are concerned, as “tenants or guests”.
Among the incidents of occupancy or tenancy as between innkeeper and guest is the right of entry on the part of the keeper at all reasonable times for purposes consistent with the contract. • “Prom the very nature of the business, it is inevitable that an innkeeper must, at all reasonable times and for all proper purposes, have the right of access to and control over every part of his inn, even though separate parts thereof may be occupied by guests for hire.” (DeWolf v. Ford, *Supp. 759 (1908) 193 N. Y. 397 [86 N. E. 527, 127 Am. St. Rep. 969, 21 L. R. A. (N. S.) 860, 861].) Section 1861a of the Civil Code gives the furnished apartment or bungalow court keeper a lien upon the property of his “tenants or guests” to secure all proper charges due from them. Since every contract of hiring of such furnished accommodations, unless the contrary be specified, must be deemed to include as a part thereof the provisions mentioned, it follows necessarily, if logic have avail, that the keeper of the house, who has the right of access to the room of his guest for all purposes proper to the contract between them, may when permission so to do is given by the guest through his making default in payment of a due and proper charge, enter at a reasonable time, without a disturbance of the peace, take that which his contract gives him, and do with it as the law which is a part of that contract provides.