NELLIE TILLQUIST v. STATE DEPARTMENT OF LABOR AND INDUSTRY, INDUSTRIAL COMMISSION, DIVISION OF BOILER INSPECTION.[1]

December 17, 1943.

No. 33,539.

*Maurice A. Hessian* and *Carlson & Carlsen,* for relator.

*J. A. A. Burnquist,* Attorney General, *Victor H. Gran,* Assistant

[1]Reported in 12 N. W. (2d) 512.

Attorney General, and *R. A. Woychik*, State Compensation Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

*Certiorari* upon the relation of Nellie Tillquist, widow of Fred E. Tillquist, to review the decision of the industrial commission denying her claim for compensation for his death.

The referee's findings, which were adopted and affirmed by the industrial commission, determined that on April 29, 1938, decedent, while employed by respondent as a district boiler inspector, sustained an accidental injury arising out of and in the course of his employment which resulted in his death; but further determined that he was not then an employe of respondent within the meaning of the compensation act but was an appointive officer excepted from the protection of the act.

The determination of the question here presented involves the construction or application of certain statutes. Minn. St. 1941, § 183.38 (Mason St. 1927, § 5474), provides:

"The Industrial Commission of Minnesota shall appoint a resident of each senatorial district as a district boiler inspector for such district, except in counties where there is more than one senatorial district, in which case there shall be appointed one district boiler inspector for such county, for a term of two years commencing July 1, 1927."

*Id.* § 176.01, subd. 8(1), (§ 4326[g][1]), in defining an "employe" as contemplated by the workmen's compensation act, provides:

"(g) The terms 'employe' and 'workman' are used interchangeably and have the same meaning throughout this act, and shall be construed to mean:

"(1) Every person in the service of the state, or any county, city, town, village, borough, or school district therein, under any appointment or contract of hire, expressed or implied, oral or written, but shall not include any official of the state or of any county, city, town, village, borough, or school district therein, who shall have

been elected or appointed for a regular term of office or to complete the unexpired portion of any regular term; * * *"

Decedent was first employed on August 1, 1931, and thereafter for two-year terms up to and including the date of his death. His work consisted of the ordinary manual and mechanical labor involved in inspecting boilers. Water was removed from the boilers and decedent was required to go inside the same with a hammer to test for defects, broken braces, scale on the sheets, etc. He was also required to examine and test air reservoirs. In his work it was necessary for him to remain inside the boilers on each test job from 15 minutes to one-half hour. The work was dirty and disagreeable. It was necessary to wear overalls or work clothes in connection therewith. Numerous other duties were imposed upon him, mostly of a manual nature, all relating to the safety of the boilers in his particular district. To some extent his work was subject to supervision by both the industrial commission and the chief of the division of boiler inspection. He was required to make monthly reports to the latter and to deliver to him verified certificates of inspection in such form as he might prescribe. His compensation was on a commission basis.

It is respondent's contention that under § 183.38 (§ 5474), above quoted, decedent must be regarded as an appointive officer appointed for a regular term of office and hence not protected by the provisions of the workmen's compensation act.

The only question to be determined here is whether decedent was an employe of the state within the meaning of the compensation act, or whether he was an appointive officer appointed for a regular term and hence excluded from the provisions thereof. There is a distinction between a public official and a public employe which is frequently difficult to trace. Sieb v. City of Racine, 176 Wis. 617, 187 N. W. 989; Lentz v. City Council of Augusta, 48 Ga. App. 555, 173 S. E. 406; Matter of Dawson v. Knox, 231 App. Div. 490, 247 N. Y. S. 731. The majority of decisions hold that a position is a public office when it is created by law with duties cast upon the incumbent which involve the exercise of some portion of the

sovereign power and in the performance of which the public is concerned. Definitions of this nature seem rather general to be of any particular assistance in a situation such as that involved in the instant case. A strict application of such rules would result in a classification of nearly all state employes as state officials.

It has frequently been held that a public officer is distinguished from a public employe in the greater "importance, dignity, and independence" of the former's position. Mason v. City of Los Angeles, 130 Cal. App. 224, 230, 20 P. (2d) 84, 87. Likewise, it has been held that whether a person is a public officer or not depends not upon what the particular position may be designated by statute, but rather upon the power granted, the duties and functions performed, and other circumstances which indicate its true character. Robertson v. Ellis County, 38 Tex. Civ. App. 146, 84 S. W. 1097; Coulter v. Pool, 187 Cal. 181, 201 P. 120; Kennedy v. City of Gustine, 199 Cal. 251, 248 P. 910. It has further been held that a public employment may be a public office in some senses and for some purposes, while not a public office within the meaning of other statutes or constitutional provisions. Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 76 So. 422.

Here the character of decedent's work on behalf of the state, which, as indicated, was principally manual or mechanical labor, and which was subject to the direction of others, would seem to lack the essential "importance, dignity, and independence" commonly involved in work performed by state officials, and definitely to classify decedent as an employe rather than an official, at least insofar as the workmen's compensation act is concerned.

It might further be suggested that the language of § 183.38 (§ 5474) casts some doubt on the question of decedent's right to an appointment for a regular period of time. This section provides that the original appointment shall be for a term of two years commencing July 1, 1927, but it is silent as to the length of terms thereafter. Section 176.01, subd. 8(1), (§ 4326[g][1]), above referred to, does not exclude officials from the protective provisions of the act unless such officials have been elected or appointed for a

regular term of office or to complete the unexpired portion of any regular term. Hence, if § 183.38 (§ 5474) were construed as not providing for a definite term subsequent to the original two-year term commencing July 1, 1927, decedent would be protected by the compensation act. In view of our determination here, however, that decedent was an employe rather than an official, it will not be necessary to go further into the construction of § 183.38 (§ 5474).

The attorney general has recently advised the industrial commission (opinion of May 23, 1939) that the state civil service act (L. 1939, c. 441) in effect, by implication, repealed the two-year term provided for in § 183.38 (§ 5474). Following that opinion, all district boiler inspectors were "blanketed in" under the civil service act and classified as permanent state employes. The opinion of the attorney general states:

"* * * There is nothing in the nature of the employment [of boiler inspectors] which would make it for the best interests of the state to have such term limited to two years."

It is true that decedent died before April 22, 1939, the effective date of the civil service act, and that such changes have no bearing on his status in the present litigation. These factors may be considered, however, as giving some measure of support to our opinion that decedent's work was not of such character or importance as to bring him within the class ordinarily designated as state officials.

The legislative intent in adopting the workmen's compensation act is well known. In furtherance thereof, this court has frequently held that it should receive a broad, liberal construction in the interests of workmen and to carry out its manifest purpose. The language of § 176.01, subd. 8(1), (§ 4326[g][1]), here involved is entirely in line with this doctrine. A careful reading thereof makes it clear that the legislature intended to give a liberal and general, rather than a narrow and restricted, definition to the term "employe," and thereby to extend the protection afforded by the act to the great majority of workers in state employment.

Keeping in mind such legislative intent and the fundamental social purpose of workmen's compensation legislation in general, we are of the opinion that decedent came within the definition of the term "employe" under the act, even though his appointment may have been for a two-year term, and hence that his widow is entitled to compensation for his death on April 29, 1938.

The order is reversed with directions to award compensation. Attorneys' fees of $100 are allowed relator.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.