[Civ. No. 709.   Fifth Dist.   June 13, 1967.]

H. H. COSTERISAN et al., Plaintiffs and Appellants, v. DONALD M. DeLONG, as Executor, etc., Defendant and Respondent.

Vizzard, Baker, Sullivan & McFarland and Allan H. McFarland for Plaintiffs and Appellants.

Hahn & Hahn and Loren H. Russel for Defendant and Respondent.

STONE, J.—Plaintiffs appeal from an adverse judgment in an action to recover a balance due for a number of deliveries of hay. The complaint alleges two common count causes of action, an open book account and an account stated.

Plaintiffs delivered hay to a dairy farm operated by defendants Jake and Lorena Verboon. A. Morice DeLong, originally named as a defendant, promised to pay plaintiffs for hay delivered to the Verboons. Before the action came to trial, DeLong died, and the executor of his will was substi-

tuted in his place. The Verboons defaulted, and the action proceeded against DeLong.

Although plaintiffs argue they proved an account stated, this is a make-weight argument wholly unsupported by the record. There is no evidence that plaintiffs ever delivered a statement to DeLong reflecting a balance due, or that plaintiffs and DeLong ever agreed upon a balance due, or that a balance was struck and an account stated in any other manner.

The critical question raised is whether the balance owed plaintiffs is evidenced by an oral agreement and barred by the two-year statute of limitations, or whether plaintiffs proved a book account within the four-year statute.

Mrs. Lowell Costerisan, plaintiffs' bookkeeper, testified, without contradiction, that the controversial exhibit No. 1 which plaintiffs contend was a book account within the purview of Code of Civil Procedure section 337a, was part of the regular bookkeeping system maintained by plaintiffs in the following manner: A manila, letter-size folder or file was set up for each customer purchasing hay. If the account ran for a longer period than a year a new file was set up each year. All data referring to the account of the particular customer, and only data referring to his account, were placed therein. The customers' folders were kept in alphabetical order in a file in plaintiffs' office. Each transaction was carried on a separate ledger sheet and upon the sheet Mrs. Costerisan entered the date of delivery, the quantity of hay delivered, the weight of the load, the price of the hay and the total amount due for the particular delivery. To the ledger sheet was attached, by a staple, the weighmaster's ticket certifying the weight of the hay and the date it was weighed. Although the ledger sheets with the attached data were kept in the customer's folder, they were not attached to the folder itself. Written on the "tab" of the manila folder containing the ledger sheets is the title "Verboon hay" and the outside or front cover bears the name "DeLong." On the inside of the cover there appears the name, "A. M. DeLong," together with his address.

The Verboons made no payments in cash on account of the charges for hay, but twice they delivered cattle to the Costerisans, who sold them and credited proceeds of the sales to the account. These transactions were entered on ledger sheets titled "Cattle delivered to Costerisan Farms from Verboon Dairy." Ledger entries reflect the date of delivery, the number of the weight ticket, number of head of cattle, their total

weight, the price per pound, and the total amount of cash received and credited on the Verboon account. Copies of the weighmaster weight slips for the cattle are attached to the appropriate ledger sheets. Another ledger sheet reflects total charges for hay delivered, total credit for cattle received by the Costerisans, and total credit for amounts paid by De-Long.

In discussing whether the file and its contents constitute a book account within the rationale of Code of Civil Procedure section 337a, we first note that no question is raised as to the admissibility of the folder and ledger sheets. This exhibit was admitted in evidence and, we think, properly so. It qualifies as a business record under the Uniform Business Records Act, embodied in Code of Civil Procedure sections 1953e to 1953h, then in effect. Nor are we faced with the evidentiary problem of what weight the trial court gave the exhibit, as the findings narrow the question to whether the record of transactions kept by plaintiffs qualifies as a book account.

Since the file containing the ledger sheets with receipts attached reflecting the transactions between Costerisan Farms and the Verboons "shows the debits and credits in connection therewith" and the record was kept and the entries were made "in the regular course of business as conducted by such creditor," as required by section 337a, the critical question is whether the record kept in a letter-size folder in a file in the office of plaintiffs meets the other requirements of section 337a, to wit: ". . . kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form or manner."

In *Egan* v. *Bishop,* 8 Cal.App.2d 119 [47 P.2d 500], the court upheld a lower court finding that an attorney's docket of court cases and a separate journal for office charges constituted a book account although no single ledger account combined the entries made in the docket and the journal. ■
The guiding principle, expressed at page 122, is: "The law does not prescribe any standard of bookkeeping practice which all must follow, regardless of the nature of the business of which the record is kept. We think it makes no difference whether the account is kept in one book or several so long as they are permanent records, and *constitute a system of bookkeeping as distinguished from mere* private memoranda." (Italics added.)

Adverting to the broad language of section 337a of the Code of Civil Procedure, "kept in any other reasonably permanent form and manner," it seems manifest that the Legislature intended to adopt the liberal approach of *Egan* in defining the term "book account."

It must be remembered, also, that section 337a was enacted at the same time as the Uniform Business Records Act, Code of Civil Procedure sections 1953e-1953h. As we stated in *Burge* v. *Michael*, 213 Cal.App.2d 780, 787 [29 Cal.Rptr. 290], the purpose of the act is to liberalize the common law rule governing the use of business records as evidence. (*People* v. *Torres*, 201 Cal.App.2d 290, 296 [20 Cal.Rptr. 315].) It would be inconsistent, to say the least, for us to now take a narrow view of section 337a, enacted in 1959 by the same Legislature that enacted the above-mentioned sections of the Uniform Business Records Act. Nor should this court import to the Legislature an intent to enact measures, on the same subject, that are at cross-purposes; that is, to liberalize the requirements for the introduction of business records in evidence and at the same time limit the scope of business records by narrowing the definition of a book account.

In summary, the record of transactions between the parties was kept on ledger sheets with supporting data attached which reflected debits and credits; the ledger sheets were kept in a single folder maintained as a unit for each year; the folders were kept in a file in the company office. We conclude the folder, exhibit 1, and its contents as maintained by plaintiffs constitute a record within the ambit of Code of Civil Procedure section 337a, defining a book account.

The judgment is reversed.

Conley, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied July 10, 1967, and respondent's petition for a hearing by the Supreme Court was denied September 7, 1967.