[Civ. No. 1889.    First Appellate District.—January 26, 1917.]

## MERCHANTS' COLLECTION AGENCY, etc., Appellant, v. BEN LEVI, Respondent.

STATUTE OF LIMITATIONS — ACTION UPON OPEN BOOK ACCOUNT — CON-STRUCTION OF SECTION 337, CODE OF CIVIL PROCEDURE.—The only book account upon which an action may be commenced within four years under subdivision 2 of section 337 of the Code of Civil Procedure is a book account upon which there is a balance due, which implies that the account should be one upon which the debtor had made payments which, being credited to him, would leave a balance due, and also which, being made by him, would indicate his desire and intent that the account should remain open.

ID.—INTENT OF CODE AMENDMENT.—The intent of the legislature in amending subdivision 2 of section 337 of the Code of Civil Procedure, so as to include open book accounts, was to take accounts upon which money payments had been made out of the category of simple accounts, as to which it had been long held the provisions of section 339 of such code had application, and place such accounts in the same category with mutual, open, and current accounts whereon the balance remaining due from time to time was the result of mutual transactions other than mere money credits.

.APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

E. H. Wakeman, for Appellant.

Wal J. Tuska, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in favor of the defendant after his motion for a nonsuit had been granted. The facts are, therefore, undisputed and are these: On March 20, 1912, the defendant purchased from W. & J. Sloane two items of goods amounting to the sum of $325. They were not paid for, and the said sum was charged to the defendant on the books of W. & J. Sloane. Thereafter the account was assigned to the plaintiff, who commenced action thereon on September 24, 1915. The defendant answered pleading the bar of the statute of limitations under section 339 of the Code of Civil Procedure. Upon the trial and upon proof of the foregoing facts the court granted the defendant's motion for a nonsuit upon the ground pleaded in his answer.

The sole question presented for determination upon this appeal is as to whether the account sued upon is such an open book account as to bring the action upon it within the provisions of subdivision 2 of section 337 of the Code of Civil Procedure. That section reads as follows:

"Sec. 335. The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows: . . .

"Sec. 337. Within four years: . . . 2. An action to recover a balance due upon a mutual, open and current account or upon an open book account."

It seems to us quite clear that the only reasonable as well as the only proper grammatical construction to be placed upon the foregoing section of the code is that the only book account upon which an action may be commenced within four years under subdivision 2 thereof is a book account upon which there is a balance due. This would necessarily imply that the account should be one upon which the debtor had made payments which, being credited to him, would leave a balance due, and also which, being made by him, would indicate his desire and intent that the account should remain open. It would seem that the intent of the legislature in amending subdivision 2 of section 337 of the Code of Civil Procedure, so as to include open book accounts, was to take accounts upon which money payments had been made out of the category of simple accounts to which it had been long held the provisions of section 339 of the Code of Civil Procedure had application, and place such accounts in the same category with mutual, open, and current accounts whereon the balance remaining due from time to time was the result of mutual transactions other than mere money credits. Any other construction would render the amendment to this section of the code applicable to all accounts other than stated accounts, and would wipe out by indirection the long and uniform line of authority holding actions upon simple accounts to be within the two-year limitation of section 339 of the Code of Civil Procedure. We are entirely satisfied that such was not the intent of the legislature in thus amending the former section of the code. This being so, and this action not being an action to recover a balance due upon the account in question, we are of the opinion that the court committed no error in granting the defendant's motion for a nonsuit.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 26, 1917.