[Civ. No. 5758. Second Appellate District, Division Two.—March 10, 1930.]

F. A. GRAY, Respondent, v. ALBERT J. HALL et al., Appellants.

N. B. Nelson for Appellants.

Seth B. Smith for Respondent.

CRAIG, Acting P. J.—The plaintiff and respondent as assignee of an alleged claim for personal services and expenses in the sum of $977.62, instituted an action upon an "open book account." Judgment was rendered in his favor for $798.62, and the defendants appealed.

Among the other grounds of defense, it was contended that the cause of action was barred by section 339 of the Code of Civil Procedure. It appears that the only evidence offered by the plaintiff in support of the alleged book account consisted of entries in a diary from which the witness refreshed his memory. He testified to various conversations, journeys of persons to certain lands of the defend-

ants, the making of surveys, drawings and charges therefor, and that the sum of $400 had been paid on account. There was no showing of even a pretended "account" as contemplated by the Code of Civil Procedure.

We think the instant case is squarely within the rule announced in *Merchants' Collection Agency* v. *Levi*, 32 Cal. App. 595 [163 Pac. 870]. The only question there presented was as to whether the account was such that an action might be maintained thereon within four years from its inception, or was barred after the expiration of two years by the provisions of section 339 of said code. Two purchases had been charged upon the books of a large mercantile establishment, for which no payments on account had been made, but we think the principles no less applicable to the facts here presented. It was there said that to bring an account within the limitation of four years it should not alone be one whereon payments had been made, leaving a balance due, but one in which after the payment of amounts there was an indication of the debtor that he intended the account to remain open. That "the intent of the legislature in amending subdivision 2 of section 337 of the Code of Civil Procedure, so as to include open book accounts, was to take accounts out of the category of simple accounts to which it had been long held the provisions of section 339 of the Code of Civil Procedure had application, and place such accounts in the same category with mutual, open, and current accounts whereon the balance remaining due from time to time was the result of mutual transactions other than mere money credits."

█ It is conceded that the original entry related the consummation of but one transaction—the inspection and report upon a tract of land in the San Jacinto mountains. Plaintiff's assignors and their engineers went upon the ground, performed services and made a report, at a *per diem* of $30 in addition to the expense of transportation and maintenance. The defendants paid them the sum of $400, and contended that they had agreed to pay no more. It is clear that mere memoranda in a diary of various steps necessary to the accomplishment of this object cannot be deemed a series of mutual transactions other than a simple account, even if dignified by the characterization of book-

keeping of any character. (*Tipps* v. *Landers,* 182 Cal. 771 [190 Pac. 173].)

The judgment is reversed.

Thompson (Ira F.), J., and Norton, J., *pro tem.,* concurred.