[Civ. No. 9206. Second Appellate District, Division One.—June 27, 1935.]

M. A. EGAN, Respondent, v. T. W. BISHOP, Appellant.

120

Donald P. Mayhew for Appellant.

Mark F. Jones, Walter L. Englehardt and Goodwin J. Oppegard for Respondent.

SHINN, J., *pro tem.*—Plaintiff, as assignee of an attorney at law, recovered judgment, after verdict of a jury, on account of legal services rendered and for moneys advanced on behalf of the defendant. The complaint contained four causes of action, upon a book account, a mutual open and current account, an account stated and an account for services rendered and money advanced. Defendant appeals.

Extensive argument is made to the point that the trial court erred in denying a continuance. Motion for continuance was made October 10, 1932, in the calendar department of the court. We are told that the motion was based upon affidavits showing the defendant was ill in a hospital and unable to attend the trial. Affidavits to this effect appear in the clerk's transcript. These affidavits bear the clerk's filing mark of date October 11, 1932. The inclusion of affidavits in a clerk's transcript does not bring them before an appellate court as constituting the record on a motion for continuance. (*Jeffords* v. *Young*, 197 Cal. 224 [239 Pac. 1054] ; *Gates* v. *McPherson*, 129 Cal. App. 473 [18 Pac. (2d) 980].)

Affidavits were presented to the court on motion for a new trial which purported to set forth the proceedings on the motion for continuance but these do not supply the deficiency.

The record upon which a motion for continuance is heard must be authenticated either by bill of exceptions or reporter's transcript certified by the judge. We are therefore unable to pass upon the merits of the motion for continuance made on October 10th.

On October 10th the case was continued to October 11th for trial. When it was called for trial in a trial department on the latter date the motion for continuance was renewed upon the same ground, namely, the absence of the defendant on account of illness. This motion was properly denied as the former order had been made with prejudice and unconditionally in the calendar department and could not be renewed upon the same ground in another department. (Sec. 182, Code Civ. Proc., then in effect.)

The book account sued on was composed of entries of debits and credits entered in books kept by the attorney. The entries were made by the attorney, or under his direction and supervision, and at about the dates when the items became chargeable. These books consisted of an attorney's docket of court cases and a journal in which charges for office services were recorded. There was no single ledger account combining the entries made in the docket and the journal. There were many separate matters of legal business in the services charged for.

It is claimed by appellant that these records were insufficient to constitute a single book account and that they in reality show a great number of book accounts, wholly unrelated to each other. We do not accede to this view. The law does not prescribe any standard of bookkeeping practice which all must follow, regardless of the nature of the business of which the record is kept. We think it makes no difference whether the account is kept in one book or several so long as they are permanent records, and constitute a system of bookkeeping as distinguished from mere private memoranda. The records were sufficient to support a cause of action on a book account.

It is claimed that the books were inadmissible in evidence because they were not shown to have been correctly kept and that such foundation was a prerequisite to their admission. (*Colburn* v. *Parrett*, 27 Cal. App. 541 [150 Pac. 786].) The charges for services were all explained by the attorney

who was a witness in the case, and the expenditures were generally such as become necessary in connection with litigation. There was evidence that the services were reasonably worth the amounts charged and that the costs were actually expended. The several amounts testified to were the amounts shown in the account. ■ Evidence relating to the character of the books—whether or not they were books of original entry and permanent records, made at the approximate time of the accrual of the items shown therein—as well as the sufficiency of the preliminary evidence of verity required to justify their admission in evidence all related to questions of fact. The determination of the trial court that the foundation laid was sufficient, being a deduction reasonably drawn from the evidence, is binding upon an appellate court. (*Cogswell* v. *Dolliver,* 2 Tyng (Mass.), 217, 223 [3 Am. Dec. 45].) The same is true as to the credit to be given to the entries in the books. (*Yick Wo* v. *Underhill,* 5 Cal. App. 519 [90 Pac. 967].)

■ The account contained charges for services in 1923; the action was brought in January, 1932. Because many of the charges were more than four years old, appellant claims they were barred by the provisions of section 337 of the Code of Civil Procedure. His argument is to the effect that as each service was completed a cause of action arose for the recovery of compensation therefor and was barred four years thereafter if the charges were contained in a book account, otherwise in two years. This, we think, presents a theory in conflict with the decided cases. A book account was placed upon the same basis as a mutual open and current account by the 1917 amendment of section 337 of the Code of Civil Procedure. (*Furlow Pressed Brick Co.* v. *Balboa etc. Co.,* 186 Cal. 754, 763 [200 Pac. 625] ; *Bailey* v. *Hoffman,* 99 Cal. App. 347 [278 Pac. 498].) The statute commences to run from the date of the last entry in the account. Such is the settled law in this state. The cause of action is upon the account, not upon the separate charges which enter into it. When, therefore, four years have run from the date of the last entry in the account, action on the entire account is barred; but the action is not barred piecemeal as to the several items, because in an action on the book account they are all to be regarded as a part of one entire account and cause of action.

124

■ A similar argument is addressed to plea of the statute against the cause of action upon the account stated. It is said by appellant that an account stated cannot have the effect of reviving items already barred. At the time the account was stated the statute had not run against the book account and therefore, as to all items of the book account, no question of revival is involved.

■ Two accounts were sent to defendant by plaintiff's assignor or his employees. The first, sent by his secretary and an office assistant, was for $1857.47. This, it appears, was sent without the employer's knowledge. Later a corrected one was sent for $6,744.31, covering a much greater period of time, and including many charges not contained in the first one. Error in sending the first one cannot reasonably be questioned. Appellant insists that plaintiff is bound by the first statement, which, it is said, fixed the rights of the parties because of their acquiescence therein. The questions relating to the alleged mistake, and the effect thereof upon the validity of the implied agreement of the parties, and as to numerous discrepancies between the two statements, were for the jury. The testimony disclosed the receipt of the corrected statement by the defendant and that he made no objection thereto for a period of some six months. This showing was sufficient to warrant a finding that defendant by his acquiescence agreed to pay the balance shown on the statement.

Instructions were requested by appellant, and refused, which followed his theories, which we do not adopt, as to the adequacy of the showing of the existence of a book account and as to the application of the statute of limitations. These instructions did not correctly state the law and were properly refused. We have examined the other instructions requested by appellant. ■ The one which stated that the attorney could ratify and adopt the act of his employee in sending out the erroneous statement declared a mere *truism* upon which no instruction was required. ■ Another instruction to the effect that the mistake could only be corrected within a reasonable time after its discovery was not, we think, a correct or adequate statement of the law. There was no error in refusing these instructions.

■ Evidence was introduced by plaintiff that defendant was a man of great wealth, not only at the time the services

on his behalf were commenced but also at the time of trial. The jury was instructed that this evidence was to be considered, not to enhance the amount above a reasonable compensation, but to determine whether or not defendant was able to pay a fair and just compensation for the services rendered. This instruction is complained of by appellant and cases are cited from other jurisdictions holding that in such actions as this, evidence of the wealth or poverty of the defendant is inadmissible. Respondent justifies the instruction upon the ground that there was a cause of action for the reasonable value of certain of the services which had been rendered within two years immediately preceding the commencement of the action and that therefore the financial worth of the defendant was a factor to be considered in determining the reasonable value of the services. Cases are cited so holding. (See 6 C. J. 752.) No California cases are cited by either side and we are not able to find that the point has been decided in this state. If we should assume that appellant's view is the correct one and that error was committed in allowing the evidence to go in over the objection made, we would not regard the error as one justifying a reversal of the judgment. The charges made for services rendered within the preceding two years were included in the book account and in the statement of account rendered. There was testimony that the charges were reasonable and that the disbursements charged to the defendant were actually made. There was no evidence to the contrary. The verdict was in plaintiff's favor in the amount of the total sum shown on the account stated. We have already pointed out that the evidence was sufficient to support a finding that the account became stated and that defendant thereby agreed to pay the amount shown thereon to be unpaid. Under these circumstances it seems clear to us that the testimony objected to could not have influenced the jury in fixing the amount of the verdict. That amount would naturally have followed the uncontradicted evidence offered by plaintiff as to the value of the services, and, as we have stated, the question was not presented by the evidence as one of controverted fact. And if defendant agreed to pay the amount, as the jury has found, the question of value becomes immaterial.

█ Included in the total amount of the verdict were items amounting to $499.86 which were included in the statement rendered but were not contained in the book account. They were more than two years old and action for their recovery was barred before the statement was rendered. The statement of the account did not revive them. (Code Civ. Proc., sec. 360.) The recovery was excessive in this amount. The judgment is ordered reduced in the amount of $499.86 and as thus modified is affirmed, appellant to recover costs of appeal.

Conrey, P. J., and York, J., concurred.