[Civ. No. 12434. First Dist., Div. Two. May 28, 1943.]

THE PACIFIC TELEPHONE AND TELEGRAPH COM-
PANY (a Corporation), Appellant, v. CITY OF LODI,
Respondent.

Pillsbury, Madison & Sutro and Neumiller & Ditz for Appellant.

Glenn West, City Attorney, for Respondent.

SPENCE, J.—Plaintiff sued upon a written agreement entered into with the defendant city in 1910. The trial court sustained without leave to amend the demurrer of the defendant and entered judgment in its favor. Plaintiff appeals from said judgment.

In 1910, plaintiff was operating a telephone system and was maintaining telephone lines in the city of Lodi. The defendant city was operating an electric distribution system and was maintaining electric light and power lines in said city. In order to eliminate as far as practicable the disadvantages to the parties and to the inhabitants of said city of having two separate systems of poles, plaintiff and defendant entered into an agreement providing for the joint ownership and use of poles and the joint bearing of the expenses of maintenance thereof. The major portion of the agreement related to the division of expenses upon the general principle that any expenses incurred for the purposes of one of the parties alone should be borne by that party but that other expenses should be borne jointly. In the seventh and last clause of the agreement, liability for damages was covered by the following:

"Seventh: Damages for loss or injury to persons or property caused by the parties hereto, shall be borne as follows:

"1. If such loss or injury is caused by the negligence of either party such party alone shall satisfy and indemnify

the other party against any claims based, or judgment recovered thereon.

"2. If the cause of such loss or injury cannot be traced to the negligence of either party then any damages recovered therefor shall be borne by the parties equally, and in the event that either party is required to satisfy any claim or judgment recovered for such damages, it shall have the right of contribution as against the other party, to the extent of one-half the amount of such claim or judgment."

In 1937, and while said agreement was in force and effect, one of the employees of the defendant sustained injuries while working upon one of the poles jointly owned and maintained by the parties. Said employee brought an action against the telephone company and recovered judgment. The telephone company paid said judgment and brought this action seeking to recover from the city one-half of the amount so paid.

While defendant herein was not a party to the action against the telephone company, it may be noted that on the appeal therein, the court said in *Emery* v. *Pacific Telephone & Telegraph Co.*, 43 Cal.App.2d 402 [110 P.2d 1079] at page 407, "The conclusion of the jury was that if defendant [the telephone company] and the City of Lodi had exercised ordinary care and supervision to maintain this pole in a safe condition the accident would not have happened." And with respect to the admissibility in evidence in that action of the agreement sued upon in this action, the court said on page 407, "Also, inasmuch as certain officials and employees of the city of Lodi were called as witnesses on behalf of defendant, the contract was properly admitted to prove bias or prejudice, for it appeared from the contract that the city might be obligated to pay one-half of any judgment obtained by plaintiff. The only way this bias could be shown was by the agreement itself."

It is stated in the city's brief that the negligence found by the jury in the action against the telephone company "consisted in the pole itself being allowed to get into a rotted and unstable condition" and it is conceded that the telephone company sufficiently alleged in the present action that the injuries to Emery resulted from the negligence of both parties to this action. The agreement was attached to the complaint as an exhibit and was incorporated into the complaint

by reference. It was alleged in the complaint that the injuries to Emery "cannot be traced to any negligence of either plaintiff or defendant, alone, and, under the terms and the provisions of said agreement dated November 7, 1910, the damages therefor should be borne by plaintiff and defendant equally."

Plaintiff contends that the trial court erred in sustaining defendant's demurrer herein and in entering judgment in favor of defendant. In our opinion this contention must be sustained.

If the language of paragraph 2 of the seventh clause of the agreement is read without regard to other provisions of said clause and without regard to the provisions of the remaining clauses of the agreement, its meaning is not entirely clear. Taken literally, it would seem to provide for the sharing by the parties to the agreement of any expense incurred by reason of "damages" recovered by a third person in the event that neither of the parties to the agreement was at fault. But ordinarily there could be no liability to third persons for "damages" in the absence of fault on the part of at least one of the parties to the agreement. It therefore appears that such literal interpretation of said paragraph 2 tends to make said paragraph inoperative and to involve an absurdity. Such interpretation is to be avoided if said paragraph can be given an interpretation which will make it operative and reasonable (Civ. Code, sec. 1643) and an interpretation which will not involve an absurdity. (Civ. Code, sec. 1638.)

When the agreement of the parties is read as a whole, we believe that the meaning of said paragraph 2 of the seventh clause becomes entirely clear. This is the proper approach to the interpretation of said paragraph as it is provided in section 1641 of the Civil Code, "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, *each clause helping to interpret the other.*" (Italics ours.)

As above indicated, the major portion of the agreement related to the division of expenses upon the general principle that any expenses incurred for the purposes of one of the parties alone should be borne by that party but that other expenses should be borne jointly. It seems clear from a reading of the agreement as a whole that it was the intention of the parties to agree with respect to the manner of

bearing all expenses that might be incurred as the result of the joint ownership, use and maintenance of said poles. The seventh clause, which contained only the two numbered paragraphs above quoted, provided for the manner of bearing expenses for "damages for loss or injury to persons *caused by the parties hereto.*" (Italics ours.) This wording, standing at the beginning of the seventh clause, indicates that said clause was intended to cover damages "caused by" both parties to the agreement and not merely damages caused by one of said parties. Turning to the first of the two numbered paragraphs of said clause, the parties agreed that "If such loss or injury is caused by the negligence of either party, such party alone shall satisfy and indemnify the other party against any claims based, or judgment recovered thereon." That paragraph was admittedly intended by the parties to cover the case of loss or injury caused by the negligence of either party alone. Turning to the second of the two numbered paragraphs of said clause, the parties agreed that "If the cause of such loss or injury cannot be traced to the negligence of either party then any damages recovered therefor shall be borne by the parties equally, and in the event that either party is required to satisfy any claim or judgment recovered for such damages, it shall have the right of contribution as against the other party, to the extent of one-half the amount of such claim or judgment." In the light of the other provisions of said seventh clause and in the light of provisions of the remaining clauses of the agreement, we believe it clear that the second numbered paragraph was intended by the parties to cover the case of loss or injury "caused by the parties" but which could not be "traced to the negligence of either party" *alone,* or, in other words, loss or injury caused by the negligence of both parties. Under the allegations of plaintiff's complaint, such was the case presented to the trial court upon the hearing of the demurrer.

Defendant argues against the above interpretation of said second numbered paragraph because it is claimed that such interpretation requires the writing into said paragraph of the word "alone." We do not so view the situation. Such interpretation merely involves the interpretation of the words used by the parties themselves, each clause of the agreement being used in helping to interpret the other. (Civ. Code, sec. 1641). To adopt the interpretation now sought by defendant would require a holding that the parties intended to omit

from their agreement any provision for bearing expenses incurred for damages caused by the negligence of both parties which intention is contrary to the clear implication of the opening sentence of the seventh clause of the agreement and is contrary to the apparent purpose of the entire agreement which was to provide for the manner of bearing all expenses which might be incurred. It would seem that the parties must have had in mind the most probable field of liability for damages to others in the joint ownership and maintenance of the poles which was the field of liability in cases involving the joint negligence of the parties and that the parties must have intended to provide for the bearing of expenses with respect thereto. Furthermore the words "either party" were admittedly used in the first numbered paragraph of the seventh clause in the sense of either party *alone* and likewise, wherever said words were used in other clauses of the agreement, they were used in the sense of either party *alone*. (First Clause, paragraph B; First Clause, paragraph H; Second Clause, paragraph A; Second Clause, paragraph G; Fourth Clause, paragraph G.) ██ It is a familiar rule of construction that "words used in a certain sense in one part of an instrument are deemed to have been used in the same sense in another." (*Pringle* v. *Wilson*, 156 Cal. 313, 319 [104 P. 316, 24 L.R.A.N.S. 1090].) We find nothing in the agreement indicating any intention to use the words "either party" in the second numbered paragraph of the seventh clause in any different sense from that in which they were used at all other places in the agreement and, on the other hand, we find compelling reasons for interpreting them in the same sense. This interpretation is in line with the interpretation placed upon the agreement by the court in the action against the telephone company in ruling upon the admissibility in evidence of said agreement. (*Emery* v. *Pacific Telephone & Telegraph Co.*, 43 Cal.App.2d 402, 407 [110 P.2d 1079].)

██ Defendant argues at some length in an endeavor to show that said second numbered paragraph might have some meaning and might be operative under the interpretation for which defendant contends. We are not impressed by defendant's argument. It is suggested that said paragraph might have been intended to cover "liability in workmen's compensation cases, which are not dependent upon negligence." It is a sufficient answer to this suggestion to point

out first, that the seventh clause, in its opening sentence, shows that this clause was intended to refer to "'damages" for injuries to persons "caused by the parties hereto" and not to "compensation," as distinguished from "damages," for injuries sustained without fault of the parties to the agreement or either of them; and second, that the parties could not have had in mind liability for workmen's compensation as there was no liability imposed upon employers for workmen's compensation at the time the agreement was executed in 1910. It is also suggested by defendant that said paragraph might have been intended to cover cases where "In order to place a jointly owned pole on another's land, it might be agreed to indemnify such other person against loss or damage exclusive of negligence." This suggestion concerns a liability which the parties might possibly incur as the result of a contract of indemnity executed in favor of some third person. We do not believe that said paragraph was intended to cover such possible contractual liability but only such liability as might be imposed by law for "damages for loss or injury to persons or property caused by the parties hereto." Finally, it is suggested by defendant that said paragraph might have been intended to apply in cases in which liability might be imposed under the res ipsa loquitur rule. This suggestion overlooks the fact that the res ipsa loquitur rule is not a rule of substantive law imposing liability in the absence of negligence but is a rule of evidence giving rise to an inference of negligence in certain cases. Where the res ipsa loquitur doctrine is applicable, said doctrine merely provides the means by which the injury may be "traced to the negligence" of the party or parties having the control and management of the instrumentality involved.

 Defendant makes two other contentions in support of the trial court's ruling. It is contended that "if the contract is interpreted so as to render the city liable to contribute one-half of this loss to the telephone company, it is to that extent unconstitutional and void." We find no merit in this contention. Defendant cites and relies upon section 31 of article IV of the Constitution denying the power of "giving or lending of the credit of the State or of any . . . City." But the agreement before us did not purport to give or lend the credit of the city. The second paragraph of the seventh

clause of said agreement constituted merely an agreement between a company engaged in the telephone business and a city engaged in its proprietary capacity in the business of distributing electrical energy to apportion equitably the expenses incurred by them in responding in damages under the liability imposed upon them by law by reason of the negligence of both parties. We see no objection, constitutional or otherwise, to such an agreement and it is certain that no such objection would have been raised by the city in the event that some third person had recovered judgment against the city alone as the result of the negligence of both parties. ■ Defendant further contends that "the complaint does not state a cause of action for the reason that it does not state that there was income or revenue provided during the year in question, by the city for the purpose of meeting the alleged liability." In this connection, defendant cites and relies upon section 18 of article XI of the Constitution. We believe this contention to be likewise without merit. As to the year "in question," defendant states "Whether that year be 1910, the year in which the contract is alleged to have been made, or 1923, the year in which it is alleged that the pole in question passed into joint ownership, or the year 1937, the year in which Emery was injured, or the year 1939, the year in which the judgment of the superior court was rendered, or the year 1941, being the year in which the telephone company paid Emery the money, is a problem for plaintiff to figure out and to cover by appropriate allegations in the complaint." Defendant cites no authority to support its contention and the settled rule seems to be that plaintiff was not required to plead such facts. (*Kennedy* v. *City of Gustine*, 199 Cal. 251 [248 P. 910]; *Johnson* v. *County of Yuba*, 103 Cal. 538 [37 P. 528].)

For the reasons stated, we are of the opinion that the trial court erred in sustaining defendant's demurrer without leave to amend and in entering judgment in favor of defendant.

The judgment is reversed with directions to the trial court to overrule the demurrer.

Nourse, P. J., and Dooling, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 26, 1943.