[Civ. No. 21049.   First Dist., Div. Two.   Sept. 13, 1963.]

DEPARTMENT OF MENTAL HYGIENE, Plaintiff and Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor, etc., Defendant and Respondent.

Stanley Mosk, Attorney General, and Elizabeth Palmer, Deputy Attorney General, for Plaintiff and Appellant.

J. A. Pardini, Elda Granelli and Julian Pardini for Defendant and Respondent.

AGEE, J.—Plaintiff brought this action to recover money due for the care, support and maintenance of Albina Cerruti, a patient at Napa State Hospital (Welf. & Inst. Code, § 6658).

The complaint covered the period from March 28, 1957, through March 27, 1961. This is the four-year period immediately preceding the death of Francesco Cerruti, the patient's father, on March 28, 1961.

Defendant bank was appointed executor of the father's estate on May 12, 1961. After the rejection of a claim against the estate for $8,069.48, plaintiff filed this action on August 14, 1962.

A general demurrer to the complaint was sustained without leave to amend. The written order of the court stated that this ruling was made on the ground that plaintiff's cause of action was barred by the provisions of section 353 of the Code of Civil Procedure. The sole question on appeal is the correctness of this ruling.

We hold, contrary to the lower court, that section 345 of the Code of Civil Procedure is the applicable statute of limitations in this case. That section provides that "actions for the recovery of money due on account of the support of patients at state or county hospitals may be commenced at any time within four years after the accrual of the same."

This action was commenced on August 14, 1962. That portion of the period covered by the complaint from August 14, 1958, to March 27, 1961, would be within the period provided in section 345 and hence compensable.

That portion of the period covered by the complaint from March 28, 1957, to August 14, 1958, would therefore not be

within the period provided in section 345 and hence noncompensable. Plaintiff admits this.

Section 353 of the Code of Civil Procedure, upon which the lower court based its ruling, never became applicable in the present case. That section provides, so far as pertinent here, as follows: ''If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.''

As stated above, letters were issued on May 12, 1961. In order to come within the provisions of section 353, plaintiff would have had to commence the action by May 12, 1962, and this was not done.

Defendant argues that this failure to commence the action by May 12, 1962, bars its cause of action. In effect, the contention is that section 353 supersedes the period of limitations imposed by section 345 and imposes its own one-year period. We do not agree.

In *Berger* v. *O'Hearn* (1953) 41 Cal.2d 729, 732 [264 P.2d 10], the Supreme Court stated: ''In effect, this section § 353] gives a claimant a period of grace of one year from the issuance of letters in any case in which the general statute of limitations would have expired before the end of such period.'' The court makes it plain that ''[t]he provision is applicable only when necessary to *extend* the general statute of limitations and cannot be used to *curtail* it.'' (P. 732.) (Italics ours.)

The judgment is reversed and the lower court is directed to make its order overruling the demurrer and allow the defendant a reasonable time within which to answer the complaint.

Shoemaker, Acting P.J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 6, 1963.