Filed 3/10/26  NG Solutions v. Durian CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| NG SOLUTIONS, LLC, | |
| Plaintiff and Respondent, | E084355 |
| v. | (Super.Ct.No. CIVSB2126666) |
| BOGDAN DURIAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Charlie Hill, Jr., Judge.  Affirmed.

Bogdan Durian, in pro. per., for Defendant and Appellant.

Sayyar Law and Assly Sayyar for Plaintiff and Respondent.

Defendant and appellant Bogdan Durian personally guaranteed a commercial loan, which was not repaid.  He appeals from a judgment issued after a bench trial.  In his view, the trial court should have applied the four-year statute of limitations generally applicable to written contracts under Code of Civil Procedure section 337 instead of the

1

six-year statute of limitations for a claim on a negotiable instrument under Commercial Code section 3118, subdivision (a). He fails to show, however, that the lawsuit was barred even under the shorter, four-year limitations period. For that reason, we affirm the judgment.

FACTS

In November 2011, defendant Delta Tech Industries, LLC (Delta) opened a $300,000 line of credit with a bank by executing a "Stand-Alone Revolving Note." Durian signed the loan documents on behalf of Delta. Although Delta's assets secured the loan, Durian also personally guaranteed payment.

Delta, Durian, and the bank agreed to amend the loan in November 2012 and again in February 2013. Under the February 2013 amendments, the loan—by then a "Demand Line of Credit Note"—was reduced to $150,000, with interest payments due monthly and the principal payable on demand. Durian also reaffirmed his personal guaranty.

Delta ceased operations at the end of 2016. At about that time, defendant Durimex, Inc. (Durimex), another entity Durian controlled, began using Delta's remaining inventory and assets, including the Delta name.

When Delta ceased operations, it also ceased making loan payments. Durian made an interest payment using a Durimex check on December 29, 2017. The bank also credited three later, similar payments—on April 10, 2018, May 11, 2018, and June 17, 2019—toward Delta's loan. According to Durian, those three later payments should have been applied to a Durimex account but were misallocated. In deposition testimony that

2

was admitted without objection at trial, however, Durian conceded that as to the December 2017 payment "we used the Durimex check . . . to make a payment towards the old loan . . . interest."

On February 5, 2019, the bank sent Delta a letter demanding payment in full of the loan, including $131,472.46 in unpaid principal.

The bank sold the loan in December 2019, and it passed in a series of assignments to plaintiff and respondent NG Solutions, LLC (NG Solutions) in December 2023.

Meanwhile, on September 13, 2021, NG Solutions' predecessor in interest filed this lawsuit. The complaint alleges a single cause of action for breach of contract based on the defendants' failure to repay principal and interest on the loan. The complaint alleges an outstanding principal balance of $131,472.46, plus interest of $34,081.87 as of the filing of the complaint and continuing to accrue.

The defendants' default was entered in July 2022, and in November 2022 the trial court entered a $222,993.18 default judgment against all defendants jointly and severally. In February 2023, the trial court granted Durian and Durimex's motion to set aside the default and default judgment, leaving the default judgment in effect as to Delta.[1]

Durimex and Durian answered the complaint. In July 2023, however, the trial court struck Durimex's answer and entered its default after its counsel withdrew and it

---

[1] Separately, the court ordered Durian and Durimex to remain jointly and severally liable together with Delta for $29,119.50 in attorney fees that were part of the original default judgment.

failed to obtain new counsel despite repeated warnings that Durian, who is not an attorney, could not appear on Durimex's behalf.

In May 2024, the trial court held a bench trial as to Durian and, jointly, a default prove-up as to Durimex. The court ruled the six-year statute of limitations for a claim on a negotiable instrument under Commercial Code section 3118, subdivision (a), applied to plaintiff's claim. Based on "[p]ayments . . . made on the negotiable instruments in December 2017" and the February 5, 2019 demand for payment "making the principal due at that time," the court found the September 2021 complaint was timely filed. It found Delta and Durian had breached the loan terms by failing to pay, and Durian was liable for damages based on his personal guaranty. The court found Durimex was not liable for damages, rejecting the plaintiff's "alter ego theory" as to that entity. The court entered judgment against Durian for $222,993.18, based on the same calculation as the November 2022 default judgment. The court also found plaintiff entitled to $32,868 in interest accruing since November 2022.

## DISCUSSION

Durian argues the trial court erred by treating Delta's line of credit as a negotiable instrument and accordingly applying the six-year statute of limitations of Commercial Code section 3118, subdivision (a), rather than the four-year statute of limitations generally applicable to written contracts under Code of Civil Procedure section 337. We decline to address that issue because it makes no difference to the outcome of this appeal. Under either limitations period, the lawsuit was timely filed.

The courts and the Legislature have "over time developed . . . equitable exceptions to and modifications of the usual rules governing limitations periods." (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1192.) One such modification is that "part payment of a debt or obligation is sufficient to extend the bar of the statute [of limitations]." (*Martindell v. Bodrero* (1967) 256 Cal.App.2d 56, 59.) Code of Civil Procedure section 360 provides that "any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred." The theory underlying this partial payment doctrine "is that the payment is an acknowledgment of the existence of the indebtedness which raises an implied promise to continue the obligation and to pay the balance." (*Martindell*, at p. 59.) A related equitable principal is that a person "'cannot justly or equitably lull his adversary into a false sense of security and thereby cause him to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought.'" (*County of Santa Clara v. Vargas* (1977) 71 Cal.App.3d 510, 525 (*County of Santa Clara*), quoting *Estate of Pieper* (1964) 224 Cal.App.2d 670, 690.)

5

Durian, using a Durimex check, made an interest payment on Delta's line of credit in December 2017. Under the partial payment doctrine codified in Code of Civil Procedure section 360, this payment reset the statute of limitations on plaintiff's claim. Common law equitable principles lead to the same conclusion, as the bank reasonably interpreted this payment as an indication that Durian intended to stand by his personal guarantee of Delta's obligations. (See *County of Santa Clara*, *supra*, 71 Cal.App.3d at p. 525.) Under the modified terms of the loan, the principal was due only on demand, which was made in February 2019. This lawsuit was filed in September 2021, which is less than four years after December 2017, let alone February 2019. Thus, under either a four-year or a six-year statute of limitations, the lawsuit is not time barred.

DISPOSITION

The judgment is affirmed. NG Solutions is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____

J.

We concur:

MILLER_____
        Acting P. J.

LEE_____
        J.